IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CALVIN PLUMMER, | ) | |
|     Petitioner, | ) | Civil Action No. 10-171 Erie |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

# OPINION AND ORDER[1]

## I. Introduction

Petitioner Robert Calvin Plummer is a federal inmate serving a 30-month term of imprisonment imposed by the U.S. District Court for the Southern District of New York. Before the Court is his petition for writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. In the petition, he disputes the Bureau of Prisons' (the "BOP's" or "Bureau's") computation of his federal sentence.[2] He claims he is entitled to additional credit against his sentence.

## II. Background

On June 17, 2008, Petitioner was arrested by the New York City Police and charged with the state crime of Third Degree Assault at Criminal Docket No. 36888C-208 in the Bronx County Supreme

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences. See, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96.

1

Court. The next day, on June 18, 2008, the police notified the Bureau of Immigration and Customs Enforcement ("ICE") that Petitioner was in their custody. [ECF No. 16-2, Ex. 2, Declaration of Bryan Erickson, at ¶¶ 4(c)-(g)]. That same day, the ICE lodged a detainer with the New York Police Department against Petitioner. The detainer explained that an investigation had been initiated to determine whether Petitioner was subject to removal from the United States and advised that the ICE would assume custody of Petitioner within 48 hours of his release from state custody. [ECF No. 16-2, Ex. 2a, Immigration Detainer].

On November 19, 2008, Petitioner pleaded guilty to Third Degree Assault in the Bronx County Supreme Court. On December 17, 2008, the court sentenced him to an eight month term of imprisonment. [ECF No. 16-2, Ex. 2, Erickson Decl. at ¶ 4(f)]. The state sentence computation information provided by the New York City Department of Corrections to the BOP establishes that all of the time that Petitioner served from June 18, 2008, through November 26, 2008, was credited against his state sentence. [ECF No. 16-2, Ex 2b, email message from the New York City Department of Corrections].

On December 19, 2008, Petitioner was released from the New York City Department of Corrections to the ICE detainer. [ECF No. 16-2, Ex. 2, Erickson Decl. at ¶ 4(e)]. The ICE determined that he was the same person who was convicted in 1990 of Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law, and that he had been removed from the United States in 2004. Thus, on December 30, 2008, a Criminal Complaint was filed in the U.S. District Court for the Southern District of New York charging Petitioner with Illegal Re-Entry of a Deported Alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Petitioner was arrested on that date. He was removed from ICE custody and placed in the custody of the United States Marshals Services ("USMS") pending processing of criminal charges. The ICE lodged a detainer with the USMS against

2

Petitioner for purposes of deportation or removal from the United States. [ECF No. 16-2, Ex. 2, Erickson Decl. at ¶¶ 4(i)-(m)].

On February 3, 2009, Petitioner pleaded guilty in the U.S. District Court for the Southern District of New York. The court sentenced him on May 20, 2009, to 30 months of imprisonment, with a two year term of supervised release to follow. [ECF No. 16-2, Ex. 2, Erickson Decl. at ¶¶ 4(n)-(p)].

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced (known as "prior custody credit"). The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28").[3]

In Petitioner's case, the BOP computed his federal sentence under § 3585(a) as having commenced on May 20, 2009, which is the date it was imposed. Petitioner does not challenge this portion of the BOP's sentence calculation.[4] Rather, he takes issue with the BOP's calculation of his prior custody credit. The BOP determined that he is entitled to 165 days of prior custody credit pursuant to § 3585(b). [ECF No. 16-1, Ex. 1a, Inmate Data Sheet]. In his petition for habeas relief [ECF No. 5],

---

[3] BOP Programs Statements are available in full on its website, www.bop.gov. BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, the policies are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984). See Stiver v. Meko, 130 F.3d 574, 577 (3d Cir. 1997). However, the policies are still entitled to "some deference" from this court. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997); see also United States v. Mead Corp., 533 U.S. 218, 234-35 (2001); Elizabeth Blackwell Health Center for Women v. Knoll, 61 F.3d 170, 182 (3d Cir. 1995) (deferring to interpretive rule that was not subject to notice and comment when the Secretary of Health and Human Services' reconciliation of the competing interests in the Medicaid statute and Hyde Amendment was reasonable).

[4] A federal sentence cannot commence earlier than the date on which it was imposed. PS 5880.28, Chapt. 1, Pages 12-13; Peterson v. Marberry, Docket No. 1:07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan. 5, 2009) (explaining in detail BOP policies regarding § 3585(a)). Petitioner thus received the maximum amount of sentencing credit available under § 3585(a).

3

Petitioner contends that he is entitled to additional prior custody credit. In his Response [ECF No. 16], the Warden counters that the BOP has calculated his sentence properly. Petitioner has filed his Reply [ECF No. 17], and the case now is ripe for review.

## III. Discussion

### A. Subject Matter Jurisdiction

A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255 and filed with the federal district court that convicted and sentenced the petitioner. In cases such as this, where the petitioner is challenging the BOP's execution of his federal sentence, the habeas petition is properly brought in the district of confinement under 28 U.S.C. § 2241. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). At the time this petition was filed, Petitioner was incarcerated within the Western District of Pennsylvania.

### B. Legal Analysis

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statute because the BOP has calculated his sentence incorrectly. His arguments are without merit.

Section 3585(b), which governs prior custody credit determinations, provides:

4

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) **as a result of the offense for which the sentence was imposed**; or
> (2) as a result of any other **charge** for which the defendant was **arrested** after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001);[5] United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

In calculating Petitioner's prior custody credit, the BOP determined that the criminal conduct connected with his federal offense concluded upon his arrest by New York City Police on June 17, 2008. [ECF No. 16-2, Ex. 2, Erickson Decl. at ¶¶ 4(c) and 4(f)]. Thus, in accordance with § 3585(b), the time Petitioner served in official detention between June 17, 2008 (the date the federal offense conduct concluded) and May 19, 2009 (the day before his federal sentence commenced), that was served either as a result of the offense for which his federal sentence was imposed, or as a result of any other criminal charge for which he was arrested after the commission of the conduct resulting in his federal sentence, may be considered for treatment as federal prior custody credit, *as long as this time was not credited against any other sentence*. 18 U.S.C. § 3585(b).

---

[5] Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the U.S. Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995. See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

The record in this case shows that all of the time that Petitioner served from June 18, 2008, through November 26, 2008, was applied against his state sentence. [ECF No. 16-2, Ex. 2b]. Therefore, the BOP may not give Petitioner prior custody credit for time served on those dates. The BOP however, properly has given him prior custody credit for the time he spent in official detention on: (1) June 17, 2008; (2) November 27, 2008 through December 19, 2008; and, (3) December 30, 2008 through May 19, 2009. Because the state did not give him credit for the time he spent in official detention on those dates, that time qualifies at prior custody credit under § 3585(b). [ECF No. 16-1, Ex. 1a, Inmate Data Sheet].

The BOP also determined that Petitioner is not entitled to prior custody credit for the 10-day period spanning December 20, 2008 (the date that he was released by state officials to the ICE detainer), through December 29, 2008 (the day before he was arrested for his federal offense), for the time served in ICE detention pending deportation proceedings. That is because § 3585(b) directs that prior custody credit is limited to time served in official detention prior to the commencement of the federal sentence either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested" after the commission of the offense, and an ICE deportation proceeding is neither as it is civil in nature. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) ("A deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry, though entering or remaining unlawfully in this country is itself a crime.") Thus, the BOP has concluded, "official detention" under § 3585(b) does not include time spent in ICE "civil custody" pending a final determination of deportability. PS 5880.28, Chapt. 1, at Page 15A. There is no basis for this Court to disturb the BOP's determination in this regard. It has reasonably determined that, since deportation proceedings are civil in nature, time spend in ICE custody does not qualify as federal prior custody credit under § 3585(b).

6

Finally, Petitioner argues that he is entitled to prior custody credit for time served in state custody after June 18, 2008, even though that time was credited against his state sentence. His argument, which is premised upon 18 U.S.C. § 3568 (repealed) and case law interpreting that statute, lacks merit because the statute has been repealed and superseded by 18 U.S.C. § 3585, which was enacted under the Sentencing Reform Act of 1984 ("SRA"). The provisions of the SRA went into effect on November 1, 1987, and applied to offenses committed after November 1, 1987. See Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989) (per curiam).

Section 3568 provided:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

18 U.S.C. § 3568 (emphasis added) (repealed Nov. 1, 1987).

In Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), the case cited by Petitioner, the U.S. Court of Appeals for the Fifth Circuit interpreted § 3568 as permitting an inmate to receive federal jail time credit for the time that he served in state custody while he was serving a state sentence, after a federal detainer was lodged with state prison officials. The Davis court explained that once the federal detainer was lodged, all of the time served in state custody was time served in connection with the federal offense. 425 F.2d at 240. Davis cannot be applied to this case because Petitioner's federal offense conduct was committed after the effective date of the SRA. In Wilson, the Supreme Court observed that the SRA rewrote § 3568 and recodified it at § 3585(b). 503 U.S. at 332. It explained that § 3585(b) altered § 3568 in that the recodified version, "Congress made clear that a defendant could not receive a double credit for his detention time." Id. at 337.

7

Because Petitioner's sentence computation is governed by § 3585 – and not by § 3568 – any time that he served in official detention that was credited against his state sentence does not qualify as federal prior custody credit.  See Mills v. Quintana, No. 10-3004, 2010 WL 5027166 at *2 (3d Cir. Dec. 10, 2010) (rejecting the petitioner's reliance upon Davis because his sentence was governed by § 3585(b)).

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied.  An appropriate Order follows.

Dated:  March 28, 2011                 /s/ Susan Paradise Baxter
                                       SUSAN PARADISE BAXTER
                                       United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT CALVIN PLUMMER,** | ) | |
| Petitioner, | ) | Civil Action No. 10-171 Erie |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| **ARCHIE B. LONGLEY,** | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 28th day of March, 2011;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus is DENIED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge